O    JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE M. HILL,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>JOHN E. POTTER, Postmaster General of the United States Postal Service; UNITED STATES POSTAL SERVICE; and DOES 1-25, inclusive,<br><br>　　　　　　Defendants. | Case No. CV 06-7051 DMG (VBKx)<br><br>**ORDER RE DEFENDANTS' MOTIONS TO DISMISS** |

　　　This matter is before the Court on the Motion to Dismiss for Lack of Jurisdiction filed by John E. Potter ("Potter"), in his official capacity as Postmaster General, and the U.S. Postal Service ("Postal Service" and together with Potter, "Defendants") [Doc. # 57], originally set for hearing on September 13, 2010.  The Court took the matter under submission on September 9, 2010 because it deemed this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED.

# I.

# **PROCEDURAL HISTORY**

Plaintiff filed a Complaint on November 3, 2006 and a First Amended Complaint on November 16, 2006. Plaintiff alleges the following claims: (1) breach of oral contract; (2) breach of the covenant of good faith and fair dealing; (3) quantum meruit; (4) unjust enrichment; (5) fraud and deceit; (6) intentional infliction of emotional distress; and (7) negligence.

On October 5, 2007, Defendants filed a Motion for Summary Judgment. [Doc. # 17.] On November 5, 2007, the Honorable Philip S. Gutierrez, United States District Judge, granted Defendants' Motion for Summary Judgment, thereby dismissing Plaintiff's tort-based causes of action, and transferred Plaintiff's remaining contract-based causes of action to the Court of Federal Claims (the "November 5 Order"). [Doc. # 30.] On November 15, 2007, Plaintiff filed a Notice of Appeal to the Ninth Circuit. [Doc. # 31.] On October 9, 2009, the Ninth Circuit vacated the November 5 Order and remanded the case for further proceedings. [Doc. # 40.]

On January 21, 2010, this case was transferred to this Court's calendar for all further proceedings. [Doc. # 47.]

On August 11, 2010, Defendants filed a Motion to Dismiss for Lack of Jurisdiction. [Doc. # 57.] On August 24, 2010, Plaintiff late-filed an Opposition. [Doc. # 58.] On August 30, 2010, Defendants filed their Reply. [Doc. # 59.]

On September 30, 2010, the Court ordered the parties to file supplemental briefs as to whether certain material documents were collectively bargained (the "September 30 Order"). [Doc. # 81.] On October 8, 2010, Defendants filed a supplemental brief in response to the September 30 Order, and on October 11, 2010, Plaintiff late-filed her supplemental brief in response to the same. On October 15, 2010, Defendants filed a response to Plaintiff's supplemental brief.

//
//

## II.

## FACTUAL BACKGROUND

Plaintiff is an employee of the Postal Service. (Pl.'s Statement of Genuine Issues of Material Fact ("Pl.'s Issues") ¶ 1.) Plaintiff contends that as part of its published policies and procedures, the Postal Service encouraged employees to present ideas that would assist the Postal Service in running more efficiently. (Pl.'s Issues ¶ 5; 1st Am. Compl. ¶¶ 18, 19.) Pursuant to the policies and procedures, if the employees' ideas were accepted and implemented, the employees would be compensated. *(Id.)*

In or about 1989, Plaintiff submitted an idea (the "Idea") to the Postal Service regarding single/double bundle handling of mail. (Pl.'s Issues ¶5; 1st Am. Compl. ¶¶ 20, 38.) Plaintiff gave the Idea to Donald Barnett, the Shop Steward and Union President, for submission to the Postal Service. (1st Am. Compl. ¶¶ 21, 39.) Mr. Barnett then presented the idea to Henry Young of the Postal Service's Operation Program and to Michael Edding, the manager of the Lugo Station. (1st Am. Compl. ¶¶ 22, 40.) Plaintiff contends that her Idea was accepted and implemented, but that she has never been compensated for its use and that the Postal Service has therefore breached its oral contract with Plaintiff. (Pl.'s Issues ¶ 7.) In 2005, Plaintiff submitted an administrative claim for $10,000,000 pursuant to the Federal Tort Claims Act ("FTCA"). (1st Am. Comp. ¶ 6, Ex. 1.)

According to Defendants, in 1989, Plaintiff was a member of the union known as the National Association of Letter Carriers, and subject to the national collective bargaining agreement (the "National Agreement") between her union and the Postal Service, when she submitted the Idea to the Postal Service. (Declaration of Michael W. Thomas ("Thomas Decl.") ¶¶ 2-3.) Pursuant to Article 19 of the National Agreement, the Employee and Labor Relations Manual (the "ELM") is incorporated by reference into the National Agreement (Thomas Decl. ¶¶ 4-6) and the Employee Suggestion Program (the "ESP") is a component part of the ELM (Declaration of Cullen S. Keily ("Keily Decl.")

¶¶ 3, 4, Ex. A; Thomas Decl. ¶ 7).[1]  Handbook EL-601 provides guidance to administrators of the ESP.  (Keily Decl. ¶ 5, Ex. B.)

## III.

## DISCUSSION

### A.   Legal Standards Governing a Rule 12(b)(1) Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may seek dismissal of a complaint for lack of subject matter jurisdiction.  Rule 12(b)(1) jurisdictional attacks can be either facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack asserts that the allegations in a complaint are insufficient to invoke federal jurisdiction.  A factual attack disputes the truth of the allegations that would otherwise confer federal jurisdiction.  *Id*.

Defendants bring a factual attack.  In resolving a factual attack on jurisdiction, the Court may look beyond the complaint and consider extrinsic evidence without converting the motion to dismiss into a motion for summary judgment, but the court need not presume the truthfulness of the plaintiff's allegations.  *Americopters, LLC v. F.A.A.,* 441 F.3d 726, 732 (9th Cir. 2006).  Where the moving party presents affidavits or other extrinsic evidence, the opposing party must furnish affidavits or other evidence necessary

---

[1] Plaintiff, in her supplemental brief filed in response to the September 30 Order, argues that there is a split in authority as to whether the ELM and ESP are collectively bargained.  Plaintiff argues that, like *Routes v. Henderson,* 59 F. Supp. 2d 959 (S.D. Ind. 1999), where the collective bargaining agreement in question did not mention an employee's rights under the Family and Medical Leave Act ("FMLA"), the collective bargaining agreement in this case does not mention an employee's right to intellectual property, ideas, or patents. Plaintiff also presents a declaration from Donald Barnett, similar to the one presented in *Harrell v. U.S. Postal Service,* 445 F.3d 919 (7th Cir. 2006), whereby Mr. Barnett states that the ELM and ESP were promulgated unilaterally by the Postal Service.  As discussed *infra,* however, courts have consistently held that employee suggestion programs in the Postal Service are considered compensation and benefits programs under the Postal Reorganization Act, 39 U.S.C. § 1001 *et seq*.  Furthermore, as Defendants point out, *Routes* and *Harrell* address violations of the FMLA, not the Employee and Labor Relations Manual, the Postal Service's handbook and manual at issue in this case.  Accordingly, the Court is not persuaded that either authority raises a genuine issue as to whether the ELM and the ESP were incorporated by reference into the National Agreement and, thus, collectively bargained.

to satisfy its burden of establishing subject matter jurisdiction. *Colwell v. Dept. of Health and Human Services,* 558 F.3d 1112, 1121 (9th Cir. 2009).

"The party asserting federal jurisdiction has the burden of establishing it." *U.S. v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

### B.   The Court Lacks Subject Matter Jurisdiction

Defendants contend that Plaintiff cannot demonstrate subject matter jurisdiction exists because her claims are preempted by the Postal Reorganization Act, 39 U.S.C. § 1001 *et seq.* (the "PRA").

The Supreme Court has set forth a two-step analysis to determine whether the Postal Service is amenable to suit:

> The first inquiry is whether there has been a waiver of sovereign immunity. If there has been such a waiver . . . the second inquiry comes into play - that is, whether the source of substantive law upon which the claimant relies provides an avenue for relief.

*F.D.I.C. v. Meyer*, 510 U.S. 471, 484, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *see also Currier v. Potter*, 379 F.3d 716, 724 (9th Cir. 2004). Here, the parties do not dispute that 39 U.S.C.A. § 409(a) provides a waiver of sovereign immunity.[2] (Defs.' Reply at 3.)

The key question for the Court, therefore, is whether the PRA preempts Plaintiff's tort and contract-based claims arising from the Postal Service's alleged failure to compensate Plaintiff for the Idea. Because Plaintiff effectively concedes in her Opposition that the PRA preempts her tort-based claims, *i.e.,* for quantum meruit, unjust

---

[2] Section 409(a) provides:
> Except as otherwise provided in this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service. Any action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28.

39 U.S.C.A. § 409(a).

-4-

enrichment, fraud and deceit, intentional infliction of emotional distress, and negligence, the Court need only address whether the PRA preempts Plaintiff's contract-based claims, *i.e.,* for breach of oral contract and breach of the covenant of good faith and fair dealing.[3] (Pl.'s Opp'n at 17-19.)

The PRA was "adopted to increase the efficiency of the Postal Service and reduce political influences on its operations." *U.S. Postal Service v. Flamingo Industries (USA) Ltd.*, 540 U.S. 736, 740, 124 S.Ct. 1321, 158 L.Ed.2d 19 (2004). The PRA preserved the Postal Service's public obligations, but "indicated that [Congress] wished the Postal Service to be run more like a business than had its predecessor, the Postal Department." *Currier*, 379 F.3d at 725 (9th Cir. 2003) (citing *Franchise Tax Bd. v. U.S. Postal Service.*, 467 U.S. 512, 519-20, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984) (internal quotations omitted)). Chapters 10 and 12 of the PRA set out a comprehensive scheme governing employment relations within the Postal Service. *Pereira v. U.S. Postal Service,* 964 F.2d 873, 875 (9th Cir. 1992); *see also American Postal Workers Union v. U.S. Postal Service*, 940 F.2d 704, 708 (D.C. Cir. 1991).

Here, Plaintiff argues that it would be an error for this Court to dismiss Plaintiff's contract-based claims because there is a basis for jurisdiction independent of the Tucker Act, which vests exclusive jurisdiction with the Court of Federal Claims for claims against the United States for amounts greater than $10,000 founded upon the Constitution, Acts of Congress, executive regulations, or contracts. *See Normandy Apartments, ltd. v. U.S. Dept. of Housing and Urban Development*, 554 F.3d 1290, 1295 (9th Cir. 2009). In support of her position, Plaintiff relies on *In re Liberty Construction*, 9 F.3d 800 (9th Cir. 1993) and *C.H. Sanders Co. v. BHAP Hous. Dev. Fund. Co.*, 903 F.2d 114 (2d Cir. 1990). Plaintiff's reliance is misplaced.

---

[3] *See, e.g., Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) (the relevant provisions of the Civil Service Reform Act ("CSRA") and the PRA constitute a comprehensive scheme governing employment relations such that employment-related tort actions under the FTCA are precluded.

At issue in *Liberty Construction* was whether the district court had jurisdiction over a contract claim asserted against the Small Business Association for damages in the amount of $500,000. While acknowledging that the Tucker Act vested the Court of Federal Claims with jurisdiction over contract claims against the government for damages in excess of $10,000, the Ninth Circuit affirmed its prior decision in *Munoz v. Small Business Admin.*, 644 F.2d 1361, 1364 (9th Cir. 1981), that jurisdiction under the Tucker Act is not exclusive where other statutes independently confer jurisdiction and waive sovereign immunity. *Liberty Construction,* 9 F.3d at 801. In *Liberty Construction,* the "sue and be sued" provision of the Small Business Act, 15 U.S.C. § 634(b)(1), provided the district court with an independent statutory grant of jurisdiction. Similarly, in *C.H. Sanders*, the court held that jurisdiction existed because the plaintiff alleged a cause of action "that purportedly [arose] under a federal statute." *C.H. Sanders*, 903 F.2d at 118. There, the plaintiff claimed that the Department of Housing and Urban Development failed in its duties under 12 U.S.C. § 1701q and, as a result, was unjustly enriched. *Id*.

In this case, unlike in either *Liberty Construction* or *C.H. Sanders*, Plaintiff fails to identify the "independent basis" she believes provides this Court with jurisdiction. As discussed *supra,* in order for the Court to have subject matter jurisdiction over Plaintiff's claims, the source of substantive law upon which the claimant relies must provide an avenue for relief. *Currier*, 379 F.3d at 725; *see also Kroll v. U.S.*, 58 F.3d 1087, 1093 (6th Cir. 1995) (section 409(a) does not confer jurisdiction over claims concerning the ESP). Plaintiff simply does not identify any such "substantive legal framework" of federal law that provides this Court with federal subject matter jurisdiction over her claims.

Defendants, on the other hand, cite to persuasive authority that employee suggestion programs in the Postal Service are "compensation and benefits" under the PRA and that all such terms and conditions of employment are to be determined by collective bargaining. *See Rinner v. U.S.*, 50 Fed. Cl. 333, 335-36 (2001) (employees of

the Postal Service may not sue for disputes related to employee suggestion programs); *see also Kroll*, 58 F.3d at 1091 ("ESP is incorporated into the collective bargaining agreement through the ELM which delineates the ESP"). As a result, claims that the Postal Service failed to comply with the ELM provisions for employee suggestions are claims that the Postal Service violated its collective bargaining agreement, *i.e.,* a labor dispute outside of the federal court's jurisdiction. *Rinner*, 50 Fed. Cl. at 335.

In this case, Plaintiff disputes that she submitted her Idea under the ESP and instead contends that the Postal Service's acceptance and implementation of the Idea constituted an oral contract with the Postal Service.[4] Nevertheless, Plaintiff admits that she presented the Idea to the Postal Service by first submitting it to Mr. Barnett, her union president (Pl.'s Issues ¶ 5). Plaintiff fails to plausibly explain how an oral contract could supplant the collectively bargained National Agreement, which incorporates the ESP by reference. Nor can she, as it is axiomatic that when the subject matter of an independent employment agreement is covered by the provisions of a collective bargaining agreement, the latter controls. *Cf. Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000) (issue in dispute required interpretation of collective bargaining agreement, which preempts any claims seeking to enforce terms of an agreement); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (alleged breach of oral contract between employee and employer was controlled by collective bargaining agreement).[5]

---

[4] Plaintiff further argues that triable issues of fact exist as to whether she is an intended beneficiary of the National Agreement, citing *Sepulveda v. Pacific Maritime Ass'n,* 878 F.2d 1137, 1139 (9th Cir. 1989) ("To have standing to bring an action for breach of a collective bargaining agreement, a party must be either a member of the collective bargaining unit covered by the agreement or a third party beneficiary of that agreement"). Plaintiff, however, presents a theory devoid of facts. Defendants submit uncontroverted evidence that, in 1989, Plaintiff was a member of the National Association of Letter Carriers. (Thomas Decl. ¶ 2.)

[5] Section 1208(b) of the PRA, 39 U.S.C. § 1208(b), is analogous to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *Bowen v. U.S. Postal Service,* 459 U.S. 212, 232, 103 S.Ct. 588, 74 L.Ed. 402 (1983); *see also American Postal Workers Union of Los Angeles, AFL-CIO v. U.S. Postal Service,* 861 F.2d 211, 215 (9th Cir. 1988) (the statutory authority to bring suit under

On the evidence presented, the Court finds that Plaintiff fails to meet her burden of establishing that subject matter jurisdiction exists in this case. Plaintiff neither identifies a "substantive legal framework" that confers subject matter jurisdiction upon this Court, nor cites any authority or material evidence disputing that Postal Service employee suggestion programs are compensation and benefits programs governed by collective bargaining agreements under the PRA. The Court therefore finds that Plaintiff's tort and contract-based claims are preempted by the PRA.

### C. Subject Matter Jurisdiction Cannot Be Waived

Plaintiff alternatively argues that Defendants are precluded under the doctrine of judicial estoppel from asserting that the Court lacks subject matter jurisdiction because Defendants previously argued to the Federal Circuit that the district court has subject matter jurisdiction to hear Plaintiff's contract claims. Defendants respond that challenges to subject matter jurisdiction cannot be waived. Defendants are correct.

It is well-established that subject matter jurisdiction, which "refers to a tribunal's power to hear a case," is a matter that can never be forfeited or waived. *Adkison v. Commissioner of Internal Revenue*, 592 F.3d 1050, 1055 (9th Cir. 2010); *see also Hansen v. Dept. of Treasury*, 528 F.3d 597, 600 (9th Cir. 2007) ("[t]he defense of lack of subject matter jurisdiction cannot be waived, and may be raised at any time during the proceedings") (internal citations and quotations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

//
//
//
//

---

the PRA is analogous to the statutory authority to sue under the LMRA and interpretations of the LMRA are helpful in construing the PRA).

## IV.
## **CONCLUSION**

In light of the foregoing, Defendants' Motion to Dismiss is GRANTED without leave to amend and all pending hearings and deadlines are VACATED.

IT IS SO ORDERED.

DATED: October 29, 2010

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE